| | |
|---|---|
| 1 | William F. Auther (Bar No. 014317)<br>**BOWMAN AND BROOKE LLP** |
| 2 | Suite 1600, Phoenix Plaza<br>2901 North Central Avenue |
| 3 | Phoenix, Arizona  85012<br>Direct: (602) 643-2300 |
| 4 | Fax:    (602) 248-0947<br>Minute Entries: mme@phx.bowmanandbrooke.com |
| 5 | |
| 6 | Attorneys for Defendant<br>Toyota Motor Sales, U.S.A., Inc. |

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Patricia Nance, as an individual and as the surviving spouse of decedent Kevin Lee Nance, and for and on behalf of all statutorily authorized wrongful death claimants including Karlton Nance and Kalei Nance, surviving children of decedent Kevin Lee Nance and Katie Lee Nance, surviving parent of decedent Kevin Lee Nance,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Toyota Motor Sales, U.S.A., Inc., a foreign corporation; Toyota Motor Corporation; Toyota Motor Engineering & Manufacturing North America, Inc.; Takata Corporation, Inc.; Takata, Inc.; TK Holdings; TK Holdings, Inc.; Takata Restraint Systems, Inc.; Takata Seatbelts, Inc.; Tokai Rika Co., Ltd.; South Coast Toyota; John Does 1-10; Jane Does 1-10; ABC Corporations 1-10; XYZ Companies 1-10, inclusive,<br><br>　　　　　　　　　　Defendants. | No. _____<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S NOTICE OF REMOVAL ACTION (DIVERSITY)**<br><br>**(JURY TRIAL DEMANDED)** |
|---|---|

　　　　Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Toyota Motor Sales, U.S.A., Inc. ("TMS") files this Notice of Removal of this cause to the United States District Court for the District of Arizona.

1

## I.

## **NATURE OF THE CASE**

1. This case arises from a single-vehicle accident that occurred on Forest Service Highway 505 near the intersection of Forest Service Road 743 near milepost 437.5 on September 19, 2010 in Coconino County, Arizona. Decedent Kevin Lee Nance ("Nance") was driving his 1999 Toyota 4Runner when he left the roadway, allegedly lost control of the vehicle, and rolled several times. Nance suffered fatal injuries as a result of the accident.

2. Plaintiffs filed their Original Complaint on September 12, 2010, and their First Amended Complaint on December 10, 2012, asserting causes of action for strict products liability, negligence, and breach of warranty based on alleged defects with the 4Runner. The suit was filed in the Superior Court for the State of Arizona, in and for the County of Coconino, as *Patricia Nance, as an individual and as the surviving spouse of decedent Kevin Lee Nance, and for and on behalf of all statutorily authorized wrongful death claimants including Karlton Nance and Kalei Nance, surviving children of decedent Kevin Lee Nance and Katie Lee Nance, surviving parent of decedent Kevin Lee Nance v. Toyota Motor Sales, U.S.A., Inc., a foreign corporation; Toyota Motor Corporation; Toyota Motor Engineering & Manufacturing North America, Inc.; Takata Corporation, Inc.; Takata, Inc.; TK Holdings; TK Holdings, Inc.; Takata Restraint Systems, Inc..; Takata Seat Belts, Inc.; Tokai Rika Co., LTD.; South Coast Toyota; John Does 1-10; Jane Does 1-10; ABC Corporations 1-10; XYZ Companies 1-10*, currently pending as cause No. CV2012-00609. The case is, therefore, properly removable to this District and Division as it embraces the location of where this action is pending.

## II.

## **REMOVAL IS TIMELY**

3. TMS was first served with a summons and Plaintiffs' First Amended Complaint on December 14, 2012. Accordingly, this Notice of Removal has been filed

within thirty days of receipt of service. Further, more than one year has not passed since the commencement of this action in state court. 28 U.S.C. § 1446.

## III.

## **BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

4. This case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action brought in a state court of which the District Courts of the United States have original jurisdiction. This Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because "the amount in controversy exceeds the sum or value of $75,000, exclusive of interests or costs, and [it] is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

**A.  CITIZENSHIP OF PLAINTIFFS**

5. According to Plaintiffs' First Amended Complaint, Plaintiff Patricia Nance is and was at the time of filing this suit, a resident of the state of Arizona.

6. Upon information and belief, Plaintiffs Karlton Nance, Kalei Nance, and Katie Lee Nance are and were at the time of filing this suit, residents of the state of Arizona.

**B.  CITIZENSHIP OF DEFENDANTS**

7. Defendant TMS was at the time of the filing of this suit and still is a California Corporation with its principal place of business in California.

8. Defendant Toyota Motor Engineering & Manufacturing North America, Inc. was at the time of filing of this suit and still is a Kentucky Corporation with its principal place of business in Kentucky.

9. Defendant Toyota Motor Corporation was at the time of filing of this suit and still is a foreign corporation with its principal place of business in Japan.

10. Defendant TK Holdings Inc., improperly identified as TK Holdings, Inc. and TK Holdings, was at the time of filing of this suit and still is a Delaware corporation with its principal places of business in Michigan and North Carolina.

11. Upon information and belief, defendants Takata Restraint Systems, Inc., Takata Seat Belts, Inc., and Takata, Inc. were merged into TK Holdings Inc. and no longer exist. TK Holdings Inc. was at the time of filing of this suit and still is a Delaware Corporation with its principal place of business in Michigan and North Carolina.

12. Upon information and belief, there is no company named Takata Corporation, Inc. Upon information and belief, Takata Corporation is a foreign corporation with its principal place of business in Tokyo, Japan.

13. Upon information and belief, Tokai Rika Co., LTD is a foreign corporation with its principal place of business in Japan.

14. Upon information and belief, South Coast Toyota is a d/b/a of DWWCM, Inc. Upon information and belief, DWWCM, Inc. is a California corporation with its principal place of business in California.

15. Plaintiffs also brought this action against fictitious parties John Does 1-10, Jane Does 1-10, ABC Corporations 1-10, and XYZ Companies 1-10. The citizenship of these parties is not relevant for purposes of removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

16. Accordingly, the requisite diversity of citizenship under 28 U.S.C. § 1332 is satisfied because none of the Defendants are citizens of Arizona, and thus all Defendants are citizens of states different from Plaintiffs Patricia Nance, Karlton Nance, Kalei Nance, and Katie Lee Nance.

## C. AMOUNT IN CONTROVERSY

17. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Although not specifically pled, the amount in controversy in this wrongful death suit is in excess of $75,000, exclusive of interest and costs. Plaintiffs seek damages for past and future loss of love, affection, companionship, care, protection and guidance; as to Plaintiff Patricia Nance, past and future loss of the

marital relationship; past and future pain, grief, sorrow, anguish, stress, shock and mental suffering; past and future loss of income and services; funeral and burial expenses; medical care and services; and punitive and exemplary damages. Therefore, it is clear from Plaintiffs pleadings that they seek damages in excess of $75,000 exclusive of costs and interest.

## IV.

## NOTICE TO THE STATE COURT

18. TMS will file with the Superior Court of Coconino County, Arizona, a Notice of Removal to Federal Court, and provide written notice to Plaintiffs simultaneously with/or immediately after the filing of this Notice of Removal. A copy of the Notice of Removal filed in state court is attached as Exhibit "A."

## V.

## STATE COURT PLEADINGS PROVIDED

19. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.6(b), copies of all pleadings and documents filed in the state court proceeding are attached as Exhibit "B." Upon information and belief, these are true and complete copies of all pleadings and other documents filed in the state court proceeding as of January 11, 2013.

## VI.

## CONSENT TO REMOVAL

20. Toyota Motor Engineering & Manufacturing North America, Inc.; Takata, Inc.; TK Holdings Inc.; Takata Restraint Systems, Inc.; and Takata Seat Belts, Inc. all have been served with a summons and Plaintiffs' First Amended Complaint at the time of this filing, are also represented by counsel for TMS, and all consent to the removal of this action.

**VII.**

**JURY DEMANDED**

22. TMS demands a jury be empaneled to try the facts and issues of this case.

WHEREFORE, PREMISES CONSIDERED, Defendant Toyota Motor Sales, U.S.A., Inc. respectfully requests this Notice of Removal of Action be filed; that the civil action pending in the Superior Court for the State of Arizona, in and for the County of Coconino with Cause No. CV2012-00609 be removed to and proceed in this Court; that no further proceedings be had in the Superior Court of Coconino County, Arizona; and for any further relief, both at law or in equity, to which TMS shall show itself justly entitled.

DATED this 14th day of January, 2013.

BOWMAN AND BROOKE LLP


By: /s/ William F. Auther
    William F. Auther
    Suite 1600, Phoenix Plaza
    2901 North Central Avenue
    Phoenix, Arizona 85012
    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2013, I electronically transmitted the foregoing Notice of Removal Action (Diversity) to the Clerk's office using the CM/ECF System for filing and transmittal, and mailed a copy of the foregoing document via First-Class Mail, postage prepaid, to the following counsel:

>Bryn R. Johnson
>THE MCKAY JOHNSON FIRM, PLC
>1019 S. Stapley Drive
>Mesa, Arizona 85204
>Bryn@AccidentLawAz.com
>480-833-1667
>
>Attorneys for Plaintiffs

/s/ Alice Murphy