EXHIBIT A

1  William F. Auther (Bar No. 014317)
   MacKenzie L. Deal (Bar No. 028411)
2  **BOWMAN AND BROOKE LLP**
   Suite 1600, Phoenix Plaza
3  2901 North Central Avenue
   Phoenix, Arizona 85012
4  (602) 643-2300

5  Attorneys for Defendant
   Toyota Motor Sales, U.S.A., Inc.
6

7          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF COCONINO**

9

10 PATRICIA NANCE, as an individual and as        )
   the surviving spouse of decedent KEVIN LEE     )
11 NANCE, and for and on behalf of all statutorily )   No. CV2012-00609
   authorized wrongful death claimants including  )
12 KARLTON NANCE and KALEI NANCE,                 )
   surviving children of decedent Kevin Lee       )   **DEFENDANT TOYOTA MOTOR**
   Nance and KATIE LEE NANCE, surviving           )   **SALES, U.S.A., INC.'S NOTICE OF**
13 parent of decedent Kevin Lee Nance,            )   **FILING NOTICE OF REMOVAL OF**
                                                  )   **ACTION**
14                       Plaintiffs,              )
                                                  )
15 vs.                                            )
                                                  )
16 TOYOTA MOTOR SALES, U.S.A., INC., a            )
   foreign corporation; TOYOTA MOTOR             )
17 CORPORATION; TOYOTA MOTOR                      )
   ENGINEERING & MANUFACTURING                    )
18 NORTH AMERICA, INC.; TAKATA                     )
   CORPORATION, INC.; TAKATA, INC.; TK           )
19 HOLDINGS; TK HOLDINGS, INC.; TAKATA           )
   RESTRAINT SYSTEMS, INC.; TAKATA               )
20 SEATBELTS, INC.; TOKAI RIKA CO., LTD.;         )
   SOUTH COAST TOYOTA; JOHN DOES 1-10;           )
21 JANE DOES 1-10; ABC CORPORATIONS 1-           )
   10; XYZ COMPANIES 1-10, inclusive,            )
22                                                )
                                                  )
23                      Defendants.               )

24

25         **PLEASE TAKE NOTICE** that Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS")

26 has filed a Notice of Removal of Action in the Office of the Clerk of the United States

27 District Court of Arizona. A copy of the Notice (without exhibits) is attached hereto as

28 Exhibit "A".

DATED this 14th day of January, 2013.

BOWMAN AND BROOKE LLP

By: _William F. Auther_
William F. Auther
MacKenzie L. Deal
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012
Attorneys for Defendant
Toyota Motor Sales, U.S.A., Inc.

**ORIGINAL** of the foregoing mailed
For filing this 14th day of January, 2013, to:

Clerk of the Superior Court
Coconino County Superior Court
200 N. San Francisco Street
Flagstaff, AZ 86001

and a **COPY** of the foregoing delivered via
mail this same date to:

The Honorable Jacqueline Hatch
Coconino County Superior Court
200 N. San Francisco St.
Flagstaff, AZ 86001

**COPY** of the foregoing mailed
this 14th day of January, 2013, to:

Bryn R. Johnson
THE MCKAY JOHNSON FIRM, PLC
1019 S. Stapley Drive
Mesa, Arizona 85204
Attorneys for Plaintiffs

EXHIBIT B

**In the Superior Court of the State of Arizona**
**In and For the County of Coconino**

Case Number  CV2012-00609

# CIVIL COVER SHEET
## NEW FILING ONLY

(Please Type or Print)

Plaintiff's Attorney  Bryn R. Johnson

Attorney Bar Number  007421

**Plaintiff's Name(s): (List all)**

PATRICIA NANCE

KARLTON NANCE

KALEI NANCE

**Plaintiff's Address:**

C/O BRYN R. JOHNSON

1019 S. STAPLEY DR.

MESA, AZ 85204

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)    19001 S WESTERN AVE.

TOYOTA MOTOR SALES, USA, INC.    TORRANCE, CA 90501

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order  ☐ Provisional Remedy  ☐ OSC
☐ Election Challenge  ☐ Employer Sanction  ☐ Other
(Specify)

☒ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☒ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional

☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify)
**MEDICAL MALPRACTICE:**
☐ Physician M.D.    ☐ Hospital
☐ Physician D.O    ☐ Other
**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)

**CONTRACTS continued:**
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
    ☐ Six to Nineteen Structures
    ☐ Twenty or More Structures
**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation
☐ Forcible Detainer
☐ Change of Name
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title
☐ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights(Not General Stream Adjudication)
☐ Real Property
☐ Sexually Violent Person (A.R.S. §36-3704)
☐ Minor Abortion
☐ Special Action Against Lower Courts
**UNCLASSIFIED CIVIL:**
☐ Administrative Review

☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus
☐ Landlord Tenant Dispute- Other
☐ Restoration of Civil Rights (Federal)
☐ Clearance of Records (A.R.S. §13-4051)
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☐ Employment Dispute-Other
☐ Other _____
                (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)
KATIE LEE NANCE
_____
_____
_____

Additional Defendant(s)
TOYOTA MOTOR CORPORATION, TAKATA CORPORATION, INC., TAKATA, INC.
TK HOLDINGS, TK HOLDINGS, INC., TAKATA RESTRAINT SYSTEMS, INC.
TAKATA SEATBELTS, INC., TOKAI RIKA CO. LTD, SOUTH COAST TOYOTA

| *Attorney or Party without Attorney:* | For Court Use Only |
|---|---|
| BRYN R. JOHNSON, ESQ., Bar #007421<br>THE MCKAY JOHNSON FIRM, PLC<br>1019 SOUTH STAPLEY DRIVE<br>MESA, AZ 85204<br>*Telephone No:* 480-833-1667    *FAX No:* 480-833-2175 | Ct<br>2013 JAN 10 PM 12: 22 |

*Attorney for:* Plaintiff       *Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
In The Superior Court Of The State Of Arizona In And For The County Of Coconino

*Plaintiff:* PATRICIA NANCE

*Defendant:* TOYOTA MOTOR SALES, USA, INC.

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2012-00609 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION.

3.   a. *Party served:*
    b. *Person served:*

    TAKATA SEATBELTS, INC.
    PAUL MATTHEWS, PRENTICE-HALL CORPORATION SYSTEM, INC.,
    REGISTERED AGENT.

4. *Address where the party was served:*
    2711 Centerville Road
    Suite 400
    WILMINGTON, DE 19808

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Dec. 21, 2012 (2) at: 3:45PM

7. *Person Who Served Papers:*
    a. FRANK JOYCE

    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    d. *The Fee for Service was:* $120.00

    e. I am: Not a Registered California Process Server



First Legal
301 Civic Center Drive West
Santa Ana, CA 92701
Telephone    (714) 541-1110
Fax             (714) 541-8182
www.firstlegalnetwork.com

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: Wed, Jan. 02, 2013

| Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUMMONS & COMPLAINT | (FRANK JOYCE)<br>9348689;kc.bryjo.500161 |
|---|---|---|

SCANNED

Bryn R. Johnson, Bar No. 007421
**THE McKAY JOHNSON FIRM, PLC**
1019 S. Stapley Drive
Mesa, Arizona 85204
Telephone: (480) 833-1667
Facsimile: (480) 833-2175
Bryn@AccidentLawAZ.com

*Attorneys for Plaintiffs*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| PATRICIA NANCE, as an individual and as the surviving spouse of decedent KEVIN LEE NANCE, and for and on behalf of all statutorily authorized wrongful death claimants including KARLTON NANCE and KALEI NANCE, surviving children of decedent Kevin Lee Nance and KATIE LEE NANCE, surviving parent of decedent Kevin Lee Nance, <br>        Plaintiffs, <br> vs. <br> TOYOTA MOTOR SALES, USA, INC., a foreign corporation; TOYOTA MOTOR CORPORATION; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TAKATA CORPORATION, INC.; TAKATA, INC.; TK HOLDINGS; TK HOLDINGS, INC. TAKATA RESTRAINT SYSTEMS, INC.; TAKATA SEATBELTS, INC.; TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; XYZ COMPANIES 1-10, inclusive, <br>        Defendants | No. CV2012-00609 <br><br> **SUMMONS** <br><br><br> **(Civil, Product Liability, Negligence, Breach of Warranty)** |

/ / /

1

THE STATE OF ARIZONA TO DEFENDANTS:

**TAKATA SEAT BELTS INC.**
c/o The Prentice-Hall Corporation System, Inc.
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS " 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); ARS ' 12-311; RCP 5.**

/ / /

2

The name and address and telephone number of Plaintiffs' attorney is:

> Bryn R. Johnson, Esq.
> THE McKAY JOHNSON FIRM, PLC
> 1019 S. Stapley Dr.
> Mesa, Arizona 85204
> (480) 833-1667 phone

**Requests for reasonable accommodations for persons with disabilities must be made to the Court by parties at least three working days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: _Dec 10 2812_

DEBORAH YOUNG
CLERK OF THE COURT

By: _[signature]_
Deputy Clerk

3

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|

Attorney or Party without Attorney:
BRYN R. JOHNSON, ESQ., Bar #007421
THE MCKAY JOHNSON FIRM, PLC
1019 SOUTH STAPLEY DRIVE
MESA, AZ 85204
Telephone No: 480-833-1667        FAX No: 480-833-2175

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
In The Superior Court Of The State Of Arizona In And For The County Of Coconino

Plaintiff: PATRICIA NANCE
Defendant: TOYOTA MOTOR SALES, USA, INC.

| **PROOF OF SERVICE SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number: CV2012-00609 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION.

3. a. *Party served:*                      TAKATA RESTRAINT SYSTEMS, INC.
   b. *Person served:*                     PAUL MATTHEWS, PRENTICE-HALL CORPORATION SYSTEM, INC.,
                                            REGISTERED AGENT.

4. *Address where the party was served:*   2711 Centerville Road
                                           Suite 400
                                           WILMINGTON, DE  19808

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
   process for the party (1) on: Wed., Dec. 26, 2012 (2) at: 11:06AM

7. *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. FRANK  JOYCE                        d.   *The Fee for Service was:*   $457.50

                                          e.   I am: Not a Registered California Process Server

**First Legal**
301 Civic Center Drive West
Santa Ana, CA 92701
Telephone    (714) 541–1110
Fax          (714) 541–8182
www.firstlegalnetwork.com

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Jan. 02, 2013

Judicial Council Form                    PROOF OF SERVICE                    (FRANK JOYCE)
Rule 2.150.(a)&(b) Rev January 1, 2007   SUMMONS & COMPLAINT                 9348691;kc.bryjo.500193

Bryn R. Johnson, Bar No. 007421
**THE McKAY JOHNSON FIRM, PLC**
1019 S. Stapley Drive
Mesa, Arizona 85204
Telephone: (480) 833-1667
Facsimile: (480) 833-2175
Bryn@AccidentLawAZ.com

*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| PATRICIA NANCE, as an individual and as the surviving spouse of decedent KEVIN LEE NANCE, and for and on behalf of all statutorily authorized wrongful death claimants including KARLTON NANCE and KALEI NANCE, surviving children of decedent Kevin Lee Nance and KATIE LEE NANCE, surviving parent of decedent Kevin Lee Nance, <br><br> Plaintiffs, <br><br> vs. <br><br> TOYOTA MOTOR SALES, USA, INC., a foreign corporation; TOYOTA MOTOR CORPORATION; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TAKATA CORPORATION, INC.; TAKATA, INC.; TK HOLDINGS; TK HOLDINGS, INC. TAKATA RESTRAINT SYSTEMS, INC.; TAKATA SEATBELTS, INC.; TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; XYZ COMPANIES 1-10, inclusive, <br><br> Defendants | No. CV2012-00609 <br><br><br> **SUMMONS** <br><br><br><br> **(Civil, Product Liability, Negligence, Breach of Warranty)** |

///

1

THE STATE OF ARIZONA TO DEFENDANTS:

**TAKATA RESTRAINT SYSTEMS INC.**
c/o The Corporation Trust Company
1209 Orange St.
Wilmington, DE 19801

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS " 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); ARS ' 12-311; RCP 5.**

/ / /

2

The name and address and telephone number of Plaintiffs' attorney is:

        Bryn R. Johnson, Esq.
        THE McKAY JOHNSON FIRM, PLC
        1019 S. Stapley Dr.
        Mesa, Arizona 85204
        (480) 833-1667 phone

**Requests for reasonable accommodations for persons with disabilities must be made to the Court by parties at least three working days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: Dec 10 2012

                        DEBORAH YOUNG
            CLERK OF THE COURT

By: _____
       Deputy Clerk

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>BRYN R. JOHNSON, ESQ., Bar #007421<br>THE MCKAY JOHNSON FIRM, PLC<br>1019 SOUTH STAPLEY DRIVE<br>MESA, AZ 85204<br>*Telephone No:* 480-833-1667    *FAX No:* 480-833-2175 | |

*Attorney for:* Plaintiff           *Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*

In The Superior Court Of The State Of Arizona In And For The County Of Coconino

*Plaintiff:* PATRICIA NANCE

*Defendant:* TOYOTA MOTOR SALES, USA, INC.

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CV2012-00609 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION.

3.   a. *Party served:*                  TK HOLDINGS
    b. *Person served:*             PAUL MATTHEWS, PRENTICE-HALL CORPORATION SYSTEM, INC., REGISTERED AGENT.

4. *Address where the party was served:*      2711 Centervill Road
                                     Suite 400
                                     WILMINGTON, DE 19808

5. I served the party:
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Dec. 21, 2012 (2) at: 3:45PM

7. *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. FRANK JOYCE                            d. *The Fee for Service was:*    $232.50

                                                        e. I am: Not a Registered California Process Server

**First Legal**
301 Civic Center Drive West
Santa Ana, CA 92701
Telephone    (714) 541-1110
Fax           (714) 541-8182
www.firstlegalnetwork.com

8.   *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
    Date: *Wed, Jan. 02, 2013*

                                                                   (FRANK JOYCE)

Judicial Council Form                           PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007       SUMMONS & COMPLAINT                          9348688;kc.bryjo.500155

Bryn R. Johnson, Bar No. 007421
**THE McKAY JOHNSON FIRM, PLC**
1019 S. Stapley Drive
Mesa, Arizona 85204
Telephone: (480) 833-1667
Facsimile: (480) 833-2175
Bryn@AccidentLawAZ.com

*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| PATRICIA NANCE, as an individual and as the surviving spouse of decedent KEVIN LEE NANCE, and for and on behalf of all statutorily authorized wrongful death claimants including KARLTON NANCE and KALEI NANCE, surviving children of decedent Kevin Lee Nance and KATIE LEE NANCE, surviving parent of decedent Kevin Lee Nance, ) ) ) ) ) ) ) ) ) ) ) | **No. CV2012-00609** |
| Plaintiffs, ) ) | **SUMMONS** |
| vs. ) ) | |
| TOYOTA MOTOR SALES, USA, INC., a foreign corporation; TOYOTA MOTOR CORPORATION; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TAKATA CORPORATION, INC.; TAKATA, INC.; TK HOLDINGS; TK HOLDINGS, INC. TAKATA RESTRAINT SYSTEMS, INC.; TAKATA SEATBELTS, INC.; TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; XYZ COMPANIES 1-10, inclusive, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **(Civil, Product Liability, Negligence, Breach of Warranty)** |
| Defendants ) | |

///

THE STATE OF ARIZONA TO DEFENDANTS:

**TK HOLDINGS INC.**
c/o Corporation Service Company
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS " 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); ARS ' 12-311; RCP 5.**

/ / /

The name and address and telephone number of Plaintiffs' attorney is:

> Bryn R. Johnson, Esq.
> THE McKAY JOHNSON FIRM, PLC
> 1019 S. Stapley Dr.
> Mesa, Arizona 85204
> (480) 833-1667 phone

**Requests for reasonable accommodations for persons with disabilities must be made to the Court by parties at least three working days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: _Dec 10 2012_

CLERK OF THE COURT

By _[signature]_

Deputy Clerk

3

SCANNED

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| BRYN R. JOHNSON, ESQ., Bar #007421<br>THE MCKAY JOHNSON FIRM, PLC<br>1019 SOUTH STAPLEY DRIVE<br>MESA, AZ 85204<br>*Telephone No:* 480-833-1667  *FAX No:* 480-833-2175 | | $c_t$ |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* | |

Insert name of Court, and Judicial District and Branch Court:

 In The Superior Court Of The State Of Arizona In And For The County Of Coconino

*Plaintiff:* PATRICIA NANCE

*Defendant:* TOYOTA MOTOR SALES, USA, INC.

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2012-00609 |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION.

3.  a. *Party served:*    TAKATA, INC.
    b. *Person served:*    PAUL MATTHEWS, PRENTICE-HALL CORPORATION SYSTEM, INC., REGISTERED AGENT.

4.  *Address where the party was served:*    2711 Centerville
                                             Suite 400
                                             WILMINGTON, DE  19808

5.  *I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Dec. 21, 2012 (2) at: 3:45PM

7.  *Person Who Served Papers:*                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. FRANK  JOYCE                          d.  *The Fee* for Service was:   $232.50

                                            e.  I am: Not a Registered California Process Server

**First Legal**

301 Civic Center Drive West
Santa Ana, CA 92701
Telephone    (714) 541–1110
Fax          (714) 541–8182
www.firstlegalnetwork.com

*I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Jan. 02, 2013

|  | |
|---|---|
| Judicial Council Form<br>(Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUMMONS & COMPLAINT |

(FRANK JOYCE)

*9348685:kc.bryjo.500163*

Bryn R. Johnson, Bar No. 007421
**THE McKAY JOHNSON FIRM, PLC**
1019 S. Stapley Drive
Mesa, Arizona 85204
Telephone: (480) 833-1667
Facsimile: (480) 833-2175
Bryn@AccidentLawAZ.com

*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

PATRICIA NANCE, as an individual and as )      No. CV2012-00609
the surviving spouse of decedent KEVIN )
LEE NANCE, and for and on behalf of )
all statutorily authorized wrongful death )
claimants including KARLTON NANCE and )
KALEI NANCE, surviving children of )      **SUMMONS**
decedent Kevin Lee Nance and KATIE )
LEE NANCE, surviving parent of decedent )
Kevin Lee Nance, )
                 Plaintiffs, )
vs. )      **(Civil, Product Liability,**
)      **Negligence, Breach of Warranty)**
TOYOTA MOTOR SALES, USA, INC., )
a foreign corporation; TOYOTA MOTOR )
CORPORATION; TOYOTA MOTOR )
ENGINEERING & MANUFACTURING )
NORTH AMERICA, INC., TAKATA )
CORPORATION; TAKATA, INC.; )
TK HOLDINGS; TK HOLDINGS, INC. )
TAKATA RESTRAINT SYSTEMS, INC.; )
TAKATA SEATBELTS, INC.; TOKAI )
RIKA CO., LTD.; SOUTH COAST )
TOYOTA; JOHN DOES 1-10; JANE DOES )
1-10; ABC CORPORATIONS 1-10; XYZ )
COMPANIES 1-10, inclusive, )
)
                 Defendants )

/ / /

THE STATE OF ARIZONA TO DEFENDANTS:

**TAKATA INC.**
c/o The Prentice-Hall Corporation System, Inc.
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS " 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); ARS ' 12-311; RCP 5.**

///

2

The name and address and telephone number of Plaintiffs' attorney is:

> Bryn R. Johnson, Esq.
> THE McKAY JOHNSON FIRM, PLC
> 1019 S. Stapley Dr.
> Mesa, Arizona 85204
> (480) 833-1667 phone

**Requests for reasonable accommodations for persons with disabilities must be made to the Court by parties at least three working days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: _Dec 10 2012_

DEBORAH YOUNG
CLERK OF THE COURT

By: _____
Deputy Clerk

3

**BRYN R. JOHNSON, PLC**
1019 S. Stapley
Mesa, AZ 85204



2012 DEC 19 PM 12: 30

FILED

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

|  |  |
|---|---|
| PATRICIA NANCE, ) | NO.   CV2012-00609 |
| Plaintiffs, ) | |
| vs. ) | CERTIFICATE OF SERVICE BY |
| ) | A PRIVATE PROCESS SERVER |
| TOYOTA MOTOR SALES USA, ET AL., ) | |
| Defendants. ) | ORIGINAL |
| ) | |

Rick Schattenberg, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

Summons, First Amended Complaint, Certificate of Arbitration

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Toyota Motor Sales USA Inc. C/o CT Corp., by leaving documents with Molly Martinez, who was authorized to accept, at 2390 E Camelback, Phoenix AZ on December 14, 2012, at 12:25p.m.

DATED: _12-14-12_

_____
RICK SCHATTENBERG

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge:  $ 16.00 1 x 16.00
                10.00 doc. prep.
         $ 26.00 **TOTAL**

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/480-464-8484

Bryn R. Johnson, Bar No. 007421
**THE McKAY JOHNSON FIRM, PLC**
1019 S. Stapley Drive
Mesa, Arizona 85204
Telephone: (480) 833-1667
Facsimile: (480) 833-2175
Bryn@AccidentLawAZ.com

*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| PATRICIA NANCE, as an individual and as the surviving spouse of decedent KEVIN LEE NANCE, and for and on behalf of all statutorily authorized wrongful death claimants including KARLTON NANCE and KALEI NANCE, surviving children of decedent Kevin Lee Nance and KATIE LEE NANCE, surviving parent of decedent Kevin Lee Nance, ) ) ) ) ) ) ) ) ) ) | No. CV2012-00609 |
| Plaintiffs, )  ) | **SUMMONS** |
| vs. ) ) | |
| TOYOTA MOTOR SALES, USA, INC., a foreign corporation; TOYOTA MOTOR CORPORATION; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TAKATA CORPORATION, INC.; TAKATA, INC.; TK HOLDINGS; TK HOLDINGS, INC. TAKATA RESTRAINT SYSTEMS, INC.; TAKATA SEATBELTS, INC.; TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; XYZ COMPANIES 1-10, inclusive, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **(Civil, Product Liability, Negligence, Breach of Warranty)** |
| Defendants ) | |

/ / /

1

THE STATE OF ARIZONA TO DEFENDANTS:

**TOYOTA MOTOR SALES, U.S.A., INC.**
c/o CT Corporation System
2390 E. Camelback Rd.
Phoenix, AZ 85016

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS " 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); ARS ' 12-311; RCP 5.**

/ / /

2

The name and address and telephone number of Plaintiffs' attorney is:

> Bryn R. Johnson, Esq.
> THE McKAY JOHNSON FIRM, PLC
> 1019 S. Stapley Dr.
> Mesa, Arizona 85204
> (480) 833-1667 phone

**Requests for reasonable accommodations for persons with disabilities must be made to the Court by parties at least three working days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: _Dec 10 2012_

DEBORAH YOUNG
CLERK OF THE COURT

By: _____

Deputy Clerk

**BRYN R. JOHNSON, PLC**
1019 S. Stapley
Mesa, AZ 85204



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCONINO

PATRICIA NANCE,                    )
                                   )     NO.   CV2012-00609
            Plaintiffs,            )
                                   )     CERTIFICATE OF SERVICE BY
vs.                                )     A PRIVATE PROCESS SERVER
                                   )
TOYOTA MOTOR SALES USA, ET AL.,    )
                                   )
            Defendants.            )
_____)

Rick Schattenberg, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

Summons, First Amended Complaint, Certificate of Arbitration

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon Toyota Motor Engineering & Manufacturing of North America Inc. C/o CT Corp., by leaving documents with Molly Martinez, who was authorized to accept, at 2390 E Camelback, Phoenix AZ on December 14, 2012, at 12:25p.m.

DATED: _12-14-12_

_____
RICK SCHATTENBERG

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $  55.65 21 x 2.65
           16.00 1 x 16.00
           10.00 doc. prep.
        $ 81.65 TOTAL

DIRECT ACCESS LEGAL SERVICES
550 W. BASELINE RD., SUITE 102, #200
MESA, AZ 85210/480-464-8484

1   Bryn R. Johnson, Bar No. 007421
    **THE McKAY JOHNSON FIRM, PLC**
2   1019 S. Stapley Drive
    Mesa, Arizona 85204
3   Telephone: (480) 833-1667
    Facsimile: (480) 833-2175
4   Bryn@AccidentLawAZ.com

5   *Attorneys for Plaintiffs*

6

7          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8             **IN AND FOR THE COUNTY OF COCONINO**

9

10  PATRICIA NANCE, as an individual and as )   **No. CV2012-00609**
    the surviving spouse of decedent KEVIN   )
11  LEE NANCE, and for and on behalf of      )
    all statutorily authorized wrongful death )
12  claimants including KARLTON NANCE and )
    KALEI NANCE, surviving children of       )   **SUMMONS**
13  decedent Kevin Lee Nance and KATIE       )
    LEE NANCE, surviving parent of decedent  )
14  Kevin Lee Nance,                         )
                            Plaintiffs,      )
15  vs.                                      )   **(Civil, Product Liability,**
                                             )   **Negligence, Breach of Warranty)**
16  TOYOTA MOTOR SALES, USA, INC.,           )
17  a foreign corporation; TOYOTA MOTOR      )
    CORPORATION; TOYOTA MOTOR                )
18  ENGINEERING & MANUFACTURING              )
    NORTH AMERICA, INC., TAKATA              )
19  CORPORATION, INC.; TAKATA, INC.;         )
    TK HOLDINGS; TK HOLDINGS, INC.           )
20  TAKATA RESTRAINT SYSTEMS, INC.;          )
    TAKATA SEATBELTS, INC.; TOKAI            )
21  RIKA CO., LTD.; SOUTH COAST              )
    TOYOTA; JOHN DOES 1-10; JANE DOES        )
22  1-10; ABC  CORPORATIONS 1-10;  XYZ       )
    COMPANIES 1-10, inclusive,               )
23                                           )
                            Defendants       )
24  _____)

25  / / /

                            1

THE STATE OF ARIZONA TO DEFENDANTS:

**TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.**
c/o CT Corporation
2390 E. Camelback Rd.
Phoenix, AZ 85016

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS " 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); ARS ' 12-311; RCP 5.**

/ / /

The name and address and telephone number of Plaintiffs' attorney is:

> Bryn R. Johnson, Esq.
> THE McKAY JOHNSON FIRM, PLC
> 1019 S. Stapley Dr.
> Mesa, Arizona 85204
> (480) 833-1667 phone

**Requests for reasonable accommodations for persons with disabilities must be made to the Court by parties at least three working days in advance of a scheduled court proceeding.**

SIGNED AND SEALED this date: _Dec 10 2012_

DEBORAH YOUNG

CLERK OF THE COURT

By: _____

Deputy Clerk

3

1  Bryn R. Johnson, Bar No. 007421
2  **THE McKAY JOHNSON FIRM, PLC**
   1019 S. Stapley Drive
   Mesa, Arizona 85204
3  Telephone: (480) 833-1667
   Facsimile: (480) 833-2175
4  Bryn@AccidentLawAZ.com

5  *Attorneys for Plaintiffs*

6

7          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF COCONINO**

| | |
|---|---|
| 9   PATRICIA NANCE, as an individual and as )<br>the surviving spouse of decedent KEVIN )<br>10  LEE NANCE, and for and on behalf of )<br>all statutorily authorized wrongful death )<br>11  claimants including KARLTON NANCE and )<br>KALEI NANCE, surviving children of )<br>12  decedent Kevin Lee Nance and KATIE )<br>LEE NANCE, surviving parent of decedent )<br>13  Kevin Lee Nance, )<br>14  Plaintiffs, )<br>vs. )<br>15  )<br>TOYOTA MOTOR SALES, USA, INC., )<br>16  a foreign corporation; TOYOTA MOTOR )<br>CORPORATION; TOYOTA MOTOR )<br>17  EENGINEERING & MANUFACTURING )<br>NORTH AMERICA, INC., TAKATA )<br>18  CORPORATION, INC.; TAKATA, INC.; )<br>TK HOLDINGS; TK HOLDINGS, INC. )<br>19  TAKATA RESTRAINT SYSTEMS, INC.; )<br>20  TAKATA SEATBELTS, INC.; TOKAI )<br>RIKA CO., LTD.; SOUTH COAST )<br>21  TOYOTA; JOHN DOES 1-10; JANE DOES )<br>1-10; ABC CORPORATIONS 1-10; XYZ )<br>22  COMPANIES 1-10, inclusive, )<br>)<br>23  Defendants )<br>_____ ) | No. CV2012-00609<br><br><br><br>**FIRST AMENDED COMPLAINT**<br><br><br><br>**(Civil, Product Liability,**<br>**Negligence, Breach of Warranty)**<br><br><br><br>**(Jury Trial Demand)** |

24       Plaintiffs, by and through undersigned counsel, and for their cause of action against the

25  aforementioned Defendants, and each of them, allege as follows:

1

1.   Plaintiff, Patricia Nance, is now and at all times relevant and material hereto was a resident of Phoenix, Arizona and is the surviving spouse of Kevin Lee Nance, deceased.

2.   Karlton Nance and Kalei Nance are the surviving children of Kevin Lee Nance, deceased.

3.   Katie Lee Nance is the surviving parent of Kevin Lee Nance, deceased.

4.   Decedent Kevin Lee Nance was, at the time of his death, a resident of Phoenix, Maricopa County, Arizona.

5.   On or about September 19, 2010, at or near milepost 437.5 on Forest Service Hwy 505 in Flagstaff, Coconino County, Arizona Kevin Lee Nance lost his life as a result of a single vehicle accident.

6.   Defendants have caused events to occur within the State of Arizona and within Coconino County which give rise to this cause of action. Consequently, this Court has territorial jurisdiction and the Coconino County Superior Court is the proper venue under A.R.S. § 12-401(10).

7.   The amount in controversy in this matter exceeds the minimum jurisdictional limit of this Court, exclusive of interest and costs, and no other court has exclusive jurisdiction over the claims alleged herein, giving this court subject matter jurisdiction of this claim under the Constitution of the State of Arizona, Art. 6, § 14, and under A.R.S. § 12-123.

8.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TAKATA CORPORATION, TAKATA, INC., TK HOLDINGS; TK HOLDINGS, INC., TAKATA RESTRAINT SYSTEMS, INC., TAKATA SEATBELTS, INC., TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10, JANE DOES 1-10,

ABC CORPORATIONS 1-10 and XYZ COMPANIES 1-10, inclusive, and each of them, are, and at all times pertinent hereto were, corporations, partnerships, cooperatives, franchises, limited liability companies or other business entities organized and existing under the laws of the States of California, Arizona, and/or other states within the United States of America.

9. Plaintiff are informed and believe and thereon allege that Defendants, TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TAKATA CORPORATION, TAKATA, INC., TK HOLDINGS; TK HOLDINGS, INC., TAKATA RESTRAINT SYSTEMS, INC., TAKATA SEATBELTS, INC., TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA, JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10 and XYZ COMPANIES 1-10, inclusive, and each of them, are, and at all times pertinent hereto were, domestic corporations, foreign corporations, partnerships, cooperatives, franchises, limited liability companies or other business entities authorized to do business and doing business within Maricopa County and within Coconino County, State of Arizona.

10. Plaintiffs are informed and believe and thereon allege that Defendants JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10 and XYZ COMPANIES 1-10 are, or may be, individuals (or spouses of individuals) who are, or were at all times relevant and material hereto, authorized to do, and doing business within the State of Arizona and within Maricopa and Coconino County.

11. Plaintiffs are informed and believe and thereon allege that Defendants JOHN DOES 1-10 and/or JANE DOES 1-10 at all times material and relevant to this claim, were acting for, on behalf of, and in furtherance of, the interests of their respective marital communities.

3

12.     Defendants ABC CORPORATIONS 1-10, XYZ COMPANIES 1-10, JOHN DOES 1-10, JANE DOES 1-10 and DOES 11-100 are named herein fictitiously because Plaintiffs do not know the true names, identities, marital status or gender of the said Defendants and for these reasons, Plaintiffs will request leave of this Court to amend this Complaint accordingly at such time when Plaintiffs learn the true names, identities, marital status and gender of the said Defendants. The fictitiously named Defendants are liable and responsible for their wrongful, negligent and tortious acts or omissions which caused or contributed to Kevin Lee Nance's death or are otherwise legally responsible for causing Kevin Lee Nance's death.

13.     At all times herein mentioned, Defendants TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TAKATA CORPORATION, TAKATA, INC., TK HOLDINGS; TK HOLDINGS, INC., TAKATA RESTRAINT SYSTEMS, INC., TAKATA SEATBELTS, INC., TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10 and XYZ COMPANIES 1-10 (unless named separately, hereinafter collectively referred to as "Defendants") were acting as agents and employees of each of the other named and unnamed Defendants, and at all times herein mentioned, were acting within the scope, purpose and authority of that agency and employment and with the full knowledge, permission and consent of each of the other Defendants.

14.     Defendants, as alleged above and below, are liable and responsible to Plaintiffs for the wrongful death of Kevin Lee Nance by their acts or omissions and/or are vicariously liable (through the doctrine of *respondeat superior* and otherwise) for the wrongful, negligent and tortious acts and/or omissions (and the resulting death) of each other and of the other Defendants herein

15.     On or about September 19, 2010, Decedent Kevin Lee Nance was driving the subject vehicle on Forest Service Highway 505 in Coconino County, Arizona and was approaching the intersection of Forest Service Highway 505 and Forest Service Road 743, the said intersection being at or near milepost 437.5. At that time and place, decedent was driving the subject vehicle at a safe and reasonably speed and was otherwise driving in a safe and reasonable manner when the subject vehicle left the travel portion of the roadway on the right side of the road after which it traveled back onto the paved portion of the roadway (moving generally from right to left) and, after a short time and through (presumably) the steering input of decedent, reversed his direction and began traveling from left to right. At some point, the subject vehicle went out of control and rolled several times. Decedent Kevin Lee Nance suffered fatal injuries in the accident.

16.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendants were the manufacturers, designers, developers, processors, producers, assemblers, builders, testers, inspectors, installers, equippers, endorsers, exporters, wholesalers, retailers, renters, sellers, lessors, modifiers, repairers, providers and/or otherwise distributors of the subject vehicle at the time of the subject accident.

17.     Plaintiffs are informed and believe and thereon allege that the subject vehicle at the time of the accident was purchased and sold by consumers and by one or more of the Defendants for use on all roads and highways within the United States of America and within Maricopa County and Coconino County, State of Arizona.

# COUNT ONE

## STRICT PRODUCT LIABILITY

18.     Plaintiffs hereby incorporate by reference paragraphs 1 through 17 as though fully set forth herein.

19.     Plaintiffs are informed and believe and thereon allege that the subject vehicle was defective at the time of its manufacture, design, development, production, assembly, building, testing, inspection, installation, equipping, endorsement, exportation, importation, wholesaling, retailing, selling, renting, leasing, modification, repair and entrustment, and that it failed to meet the reasonable expectations of safety of the class of persons of which Plaintiffs and Decedent Kevin Lee Nance was a member, and that any benefits derived from the design of said vehicle were substantially outweighed by the risk of harm inherent in said design, in that, and not by way of limitation, despite the availability to Defendants of safer alternative designs, said vehicle presented a substantial and unreasonable risk of death or injury to the users of said vehicle or those in the vicinity of its use.

20.     Specifically, Plaintiffs are informed and believe and thereon allege that said vehicle was defective in its design, construction, assembly and manufacture and dangerous to the life and limb of the users and occupants thereof, in that, among other things and not by way of limitation, said vehicle was unreasonably unstable, unreasonably prone to rollovers, unreasonably prone to sudden acceleration, designed with an elevated center of gravity, designed with inadequate roof and roof support strength and structure, designed with inadequate head room clearance, designed with inadequate safety restraint systems, designed with defective door latch mechanisms, and designed with an inadequate and defective rollover protection system.  The afore-mentioned defects created a substantial danger which was

unknown to Plaintiffs and Decedent Kevin Lee Nance and unknown to the public in general, and would not be recognized by the ordinary user, and said Defendants failed to give adequate warning of such danger.

21.     The defects in the design, manufacture, configuration and assembly of the subject vehicle was a substantial factor in causing the subject vehicle to go out of control and in causing the vehicle to roll over as alleged and described herein.

22.     As a direct result of the defective nature and condition of said vehicle at the time of its manufacture and distribution, and at the time of the accident described and alleged herein, Decedent Kevin Lee Nance was killed.

23.     Prior to the sale and distribution of subject vehicle, Defendants knew that the subject vehicle was in a defective condition, as previously alleged and described herein; said Defendants, through their officers, directors and managing agents, had prior notice and knowledge from several sources, including but not limited to test results and a multiplicity of tests which were run prior to the date of said accident, internal memoranda and correspondence and industry publications, as well as notice of thousands of serious injuries caused by the design of the subject vehicle, that the subject vehicle was defective and presented a substantial and unreasonable risk of harm to the American motoring public, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance, in that said defects unreasonably subjected occupants and drivers to injury or death as a result of foreseeable motor vehicle accidents.

24.     Despite such knowledge, Defendants, acting through their officers, directors and managing agents, for the purpose of enhancing their profits, knowingly and deliberately failed to remedy the known defects in subject vehicle and failed to warn the public, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance, of the extreme risk of injury or death

occasioned by said defects. Said Defendants and individuals intentionally proceeded with the design, the manufacture, sale, distribution and marketing of the subject vehicle, knowing persons, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance, would be exposed to serious potential danger, in order to advance their own pecuniary interest.

25. Defendants' conduct, as set forth in this Complaint (both above and below), was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people. Further, the said conduct was carried on by Defendants for the purpose of serving their own interests even though Defendants had reason to know, and did know, of the substantial risk that their conduct might significantly injure others, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance. Still further, Defendants willfully and consciously disregarded the safety of Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance; the conduct of Defendants evidences an evil mind; Plaintiffs are entitled to an award of punitive/exemplary damages.

26. Defendants deliberately and consciously concealed the dangerous defects in the subject vehicle as herein alleged. Defendants' concealment included, but was not limited to, the following:

a. Defendants refused to advise consumers of the defects in the subject vehicle, including the instability of the vehicle and its lack of occupant protection in the event of an accident.

b. When lawsuits were brought against them, Defendants required that documents only be produced under protective orders, prohibiting anyone from disclosing the facts and evidence that existed, showing the defects in the subject vehicle.

c.   Defendants settled lawsuits under confidentiality orders and thereby prevented members of the general public including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance, from learning of the dangerous nature and condition of the said vehicle.

27.   Under the doctrine of strict liability, and due to the acts and omissions alleged and described herein, Defendants are strictly liable and responsible to Plaintiffs for the full extent of their losses and damages sustained and suffered (and which Plaintiffs continue to sustain and suffer) as a result of the wrongful death of Kevin Lee Nance in the subject accident.

28.   As a direct and proximate result of the conduct of Defendants as alleged and described in Count I of this Complaint, Plaintiffs, as the surviving loved ones of decedent Kevin Lee Nance, suffered damages and are entitled to receive the full amount of money that will reasonably and fairly compensate each of them for their losses and damages associated with the death of their loved one, decedent Kevin Lee Nance, including, but not limited to, the following:

1.   The loss of love, affection, companionship, care, protection and guidance since the time of the death of Kevin Lee Nance and for these losses into the future;

2.   As to Plaintiff Patricia Nance, the loss of the marital relationship with of Kevin Lee Nance since the time of the death of Kevin Lee Nance and for this loss into the future;

3.   Pain, grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future;

4.   For the loss of income and services that have already been incurred as a result of the death of Kevin Lee Nance and that are reasonable probable to be lost in the future;

5.   For the reasonable expenses of funeral and burial;

6.     For the reasonable expenses of necessary medical care and services for the injury to Kevin Lee Nance that resulted in his death; and

7.     For all other general and special losses and damages suffered by Plaintiffs as a direct and proximate result of the death of decedent Kevin Lee Nance in an amount to be proven at the time of trial and determined by a jury.

**WHEREFORE**, as to Count One, Plaintiffs pray judgment against Defendants as follows:

1.     General damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

2.     Special damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

3.     Medical expenses, according to proof;

4.     Punitive/exemplary damages;

5.     Prejudgment interest according to proof;

6.     Costs of suit; and,

7.     Such other and further relief as the Court and jury deem just and proper.

<u>**COUNT TWO**</u>

<u>**NEGLIGENCE**</u>

29.     Plaintiffs hereby incorporate by reference paragraphs 1 through 28 as though fully set forth herein.

30.     At all times herein mentioned, Defendants, and each of them, owed a duty or duties to Plaintiffs and to Plaintiffs' Decedent Kevin Lee Nance to exercise reasonable care in the manufacture, design, development, assembly, production, testing, inspection, installation, warning, equipping, endorsing, exporting and importing, marketing, wholesale, retail, selling, leasing, renting, modification, repair and/or entrustment of the subject vehicle; and owed a duty or duties to Plaintiffs and to Plaintiffs' Decedent Kevin Lee Nance not to act unreasonably in the manufacture, development, design, processing, producing, building, assembling, testing, inspecting, installing, warning, equipping, endorsing, exporting, importing, wholesaling, retailing, selling, leasing, renting, modifying, repairing or entrusting the subject vehicle.

31.     Said Defendants, and each of them, breached the duty or duties owed by Defendants to Plaintiffs and to Plaintiffs Decedent Kevin Lee Nance through their conduct as herein described, including, but not by way of limitation, their failure to exercise reasonable care in the manufacture, design, development, assembly, production, testing, inspection, installation warning, equipping, endorsing, exporting, importing, marketing, wholesale, retail, selling, leasing, renting, modification, repair and/or entrustment of the subject vehicle; further, Defendants acted unreasonably in designing, manufacturing and marketing products which presented a substantial and unreasonable risk of injury or death to vehicle occupants, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance.

32.     As a direct and proximate result of one or more of the negligent acts or negligent omissions of Defendants and the said breach or breaches of the duty or duties as described herein, Plaintiffs' Decedent was killed and Plaintiffs suffered damages.

33.     As a direct and proximate result of the conduct of Defendants as alleged and described in Count II of this Complaint, Plaintiffs, as the surviving loved ones of decedent

Kevin Lee Nance, suffered damages and are entitled to receive the full amount of money that will reasonably and fairly compensate each of them for their losses and damages associated with the death of their loved one, decedent Kevin Lee Nance, including, but not limited to, the following:

1. The loss of love, affection, companionship, care, protection and guidance since the time of the death of Kevin Lee Nance and for these losses into the future;

2. As to Plaintiff Patricia Nance, the loss of the marital relationship with of Kevin Lee Nance since the time of the death of Kevin Lee Nance and for this loss into the future;

3. Pain, grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future;

4. For the loss of income and services that have already been incurred as a result of the death of Kevin Lee Nance and that are reasonable probable to be lost in the future;

5. For the reasonable expenses of funeral and burial;

6. For the reasonable expenses of necessary medical care and services for the injury to Kevin Lee Nance that resulted in his death; and

7. For all other general and special losses and damages suffered by Plaintiffs as a direct and proximate result of the death of decedent Kevin Lee Nance in an amount to be proven at the time of trial and determined by a jury.

**WHEREFORE**, as to Count Two, Plaintiffs pray judgment against Defendants as follows:

1. General damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

2. Special damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

3. Medical expenses, according to proof;

4. Punitive/exemplary damages;

5. Prejudgment interest according to proof;

6. Costs of suit; and,

7. Such other and further relief as the Court and jury deem just and proper.

## COUNT THREE

## BREACH OF WARRANTY

34      Plaintiffs hereby incorporate by reference paragraphs 1 through 33 as though fully set forth herein.

35.     At all times herein mentioned, Defendants designed, developed, processed, repaired, inspected, represented, tested, distributed, sold, consigned, delivered, maintained and/or operated for purpose of sale and distribution, the subject vehicle for use by the general public.

36      Plaintiffs are informed and believe and based upon such information and belief allege that, at the time and place of said sale, delivery, distribution, repair, consignment, maintenance, or operation of the subject vehicle, Defendants expressly and impliedly warranted to each buyer and user and to all persons reasonably expected to be in the immediate vicinity of the subject vehicle during use in any manner, that the subject vehicle was reasonably fit and safe for its intended purpose, and that the subject vehicle was of merchantable quality throughout.

37.     At the time and place of said sale, delivery, distribution or supply, the subject vehicle was not reasonably fit and safe for its intended use by buyers, users or persons reasonably anticipated to be in the vicinity of the use of the subject vehicle, including Plaintiffs' Decedent Kevin Lee Nance and was therefore not of merchantable quality and constituted extreme danger and hazard to persons using or in the vicinity of the subject vehicle.

38.     As a direct and proximate result of said breaches of warranty, both express and implied, Plaintiffs' Decedent Kevin Lee Nance was killed and Plaintiffs suffered damages and losses, both special and general, as herein alleged.

39.     As a direct and proximate result of the conduct of Defendants as alleged and described in Count III of this Complaint, Plaintiffs, as the surviving loved ones of decedent Kevin Lee Nance, suffered damages and are entitled to receive the full amount of money that will reasonably and fairly compensate each of them for their losses and damages associated with the death of their loved one, decedent Kevin Lee Nance, including, but not limited to, the following:

1.     The loss of love, affection, companionship, care, protection and guidance since the time of the death of Kevin Lee Nance and for these losses into the future;

2.     As to Plaintiff Patricia Nance, the loss of the marital relationship with of Kevin Lee Nance since the time of the death of Kevin Lee Nance and for this loss into the future;

3.     Pain, grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future;

4.     For the loss of income and services that have already been incurred as a result of the death of Kevin Lee Nance and that are reasonable probable to be lost in the future;

5.     For the reasonable expenses of funeral and burial;

6.    For the reasonable expenses of necessary medical care and services for the injury to Kevin Lee Nance that resulted in his death; and

7.    For all other general and special losses and damages suffered by Plaintiffs as a direct and proximate result of the death of decedent Kevin Lee Nance in an amount to be proven at the time of trial and determined by a jury.

**WHEREFORE**, as to Count Three, Plaintiffs pray judgment against Defendants as follows:

1.    General damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

2.    Special damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

3.    Medical expenses, according to proof;

4.    Punitive/exemplary damages;

5.    Prejudgment interest according to proof;

6.    Costs of suit; and,

7.    Such other and further relief as the Court and jury deem just and proper.

DATED this _10 Th_ day of December, 2012.


                                        **THE McKAY JOHNSON FIRM, PLC**



                                        Bryn R. Johnson
                                        1019 S. Stapley Drive
                                        Mesa, Arizona 85204
                                        *Attorney for Plaintiffs*

Bryn R. Johnson, Bar No. 007421
**THE McKAY JOHNSON FIRM, PLC**
1019 S. Stapley Drive
Mesa, Arizona 85204
Telephone: (480) 833-1667
Facsimile: (480) 833-2175
Bryn@AccidentLawAZ.com

*Attorneys for Plaintiffs*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF COCONINO**

PATRICIA NANCE, as an individual and as )
the surviving spouse of decedent KEVIN )
LEE NANCE, and for and on behalf of )
all statutorily authorized wrongful death )
claimants including KARLTON NANCE and )
KALEI NANCE, surviving children of )
decedent Kevin Lee Nance and KATIE )
LEE NANCE, surviving parent of decedent )
Kevin Lee Nance, )
                         Plaintiffs, )
vs. )
TOYOTA MOTOR SALES, USA, INC., )
a foreign corporation; TOYOTA MOTOR )
CORPORATION; TAKATA )
CORPORATION, INC.; TAKATA, INC.; )
TK HOLDINGS; TK HOLDINGS, INC. )
TAKATA RESTRAINT SYSTEMS, INC.; )
TAKATA SEATBELTS, INC.; TOKAI )
RIKA CO., LTD.; SOUTH COAST )
TOYOTA; JOHN DOES 1-10; JANE DOES )
1-10; ABC CORPORATIONS 1-10; XYZ )
COMPANIES 1-10, inclusive, )
            )
                  Defendants )

No. CV2012-00609

**COMPLAINT**

**(Civil, Product Liability,
Negligence, Breach of Warranty)**

**(Jury Trial Demand)**

Plaintiffs, by and through undersigned counsel, and for their cause of action against the

aforementioned Defendants, and each of them, allege as follows:

1

1.     Plaintiff, Patricia Nance, is now and at all times relevant and material hereto was a resident of Phoenix, Arizona and is the surviving spouse of Kevin Lee Nance, deceased.

2.     Karlton Nance and Kalei Nance are the surviving children of Kevin Lee Nance, deceased.

3.     Katie Lee Nance is the surviving parent of Kevin Lee Nance, deceased.

4.     Decedent Kevin Lee Nance was, at the time of his death, a resident of Phoenix, Maricopa County, Arizona.

5.     On or about September 19, 2010, at or near milepost 437.5 on Forest Service Hwy 505 in Flagstaff, Coconino County, Arizona Kevin Lee Nance lost his life as a result of a single vehicle accident.

6.     Defendants have caused events to occur within the State of Arizona and within Coconino County which give rise to this cause of action. Consequently, this Court has territorial jurisdiction and the Coconino County Superior Court is the proper venue under A.R.S. § 12-401(10).

7.     The amount in controversy in this matter exceeds the minimum jurisdictional limit of this Court, exclusive of interest and costs, and no other court has exclusive jurisdiction over the claims alleged herein, giving this court subject matter jurisdiction of this claim under the Constitution of the State of Arizona, Art. 6, § 14, and under A.R.S. § 12-123.

8.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR CORPORATION, TAKATA CORPORATION, TAKATA, INC., TK HOLDINGS; TK HOLDINGS, INC., TAKATA RESTRAINT SYSTEMS, INC., TAKATA SEATBELTS, INC., TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10 and XYZ COMPANIES 1-10, inclusive, and each of them, are,

and at all times pertinent hereto were, corporations, partnerships, cooperatives, franchises, limited liability companies or other business entities organized and existing under the laws of the States of California, Arizona, and/or other states within the United States of America.

9. Plaintiff are informed and believe and thereon allege that Defendants, TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR CORPORATION, TAKATA CORPORATION, TAKATA, INC., TK HOLDINGS; TK HOLDINGS, INC., TAKATA RESTRAINT SYSTEMS, INC., TAKATA SEATBELTS, INC., TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA, JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10 and XYZ COMPANIES 1-10, inclusive, and each of them, are, and at all times pertinent hereto were, domestic corporations, foreign corporations, partnerships, cooperatives, franchises, limited liability companies or other business entities authorized to do business and doing business within Maricopa County and within Coconino County, State of Arizona.

10. Plaintiffs are informed and believe and thereon allege that Defendants JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10 and XYZ COMPANIES 1-10 are, or may be, individuals (or spouses of individuals) who are, or were at all times relevant and material hereto, authorized to do, and doing business within the State of Arizona and within Maricopa and Coconino County.

11. Plaintiffs are informed and believe and thereon allege that Defendants JOHN DOES 1-10 and/or JANE DOES 1-10 at all times material and relevant to this claim, were acting for, on behalf of, and in furtherance of, the interests of their respective marital communities.

12. Defendants ABC CORPORATIONS 1-10, XYZ COMPANIES 1-10, JOHN DOES 1-10, JANE DOES 1-10 and DOES 11-100 are named herein fictitiously because

Plaintiffs do not know the true names, identities, marital status or gender of the said Defendants and for these reasons, Plaintiffs will request leave of this Court to amend this Complaint accordingly at such time when Plaintiffs learn the true names, identities, marital status and gender of the said Defendants. The fictitiously named Defendants are liable and responsible for their wrongful, negligent and tortious acts or omissions which caused or contributed to Kevin Lee Nance's death or are otherwise legally responsible for causing Kevin Lee Nance's death.

13.    At all times herein mentioned, Defendants TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR CORPORATION, TAKATA CORPORATION, TAKATA, INC., TK HOLDINGS; TK HOLDINGS, INC., TAKATA RESTRAINT SYSTEMS, INC., TAKATA SEATBELTS, INC., TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10 and XYZ COMPANIES 1-10 (unless named separately, hereinafter collectively referred to as "Defendants") were acting as agents and employees of each of the other named and unnamed Defendants, and at all times herein mentioned, were acting within the scope, purpose and authority of that agency and employment and with the full knowledge, permission and consent of each of the other Defendants.

14.    Defendants, as alleged above and below, are liable and responsible to Plaintiffs for the wrongful death of Kevin Lee Nance by their acts or omissions and/or are vicariously liable (through the doctrine of *respondeat superior* and otherwise) for the wrongful, negligent and tortious acts and/or omissions (and the resulting death) of each other and of the other Defendants herein

15.    On or about September 19, 2010, Decedent Kevin Lee Nance was driving the subject vehicle on Forest Service Highway 505 in Coconino County, Arizona and was approaching the intersection of Forest Service Highway 505 and Forest Service Road 743, the

said intersection being at or near milepost 437.5. At that time and place, decedent was driving the subject vehicle at a safe and reasonably speed and was otherwise driving in a safe and reasonable manner when the subject vehicle left the travel portion of the roadway on the right side of the road after which it traveled back onto the paved portion of the roadway (moving generally from right to left) and, after a short time and through (presumably) the steering input of decedent, reversed his direction and began traveling from left to right. At some point, the subject vehicle went out of control and rolled several times. Decedent Kevin Lee Nance suffered fatal injuries in the accident.

16.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, Defendants were the manufacturers, designers, developers, processors, producers, assemblers, builders, testers, inspectors, installers, equippers, endorsers, exporters, wholesalers, retailers, renters, sellers, lessors, modifiers, repairers, providers and/or otherwise distributors of the subject vehicle at the time of the subject accident.

17.     Plaintiffs are informed and believe and thereon allege that the subject vehicle at the time of the accident was purchased and sold by consumers and by one or more of the Defendants for use on all roads and highways within the United States of America and within Maricopa County and Coconino County, State of Arizona.


## COUNT ONE

## STRICT PRODUCT LIABILITY

18.     Plaintiffs hereby incorporate by reference paragraphs 1 through 17 as though fully set forth herein.

19.     Plaintiffs are informed and believe and thereon allege that the subject vehicle was defective at the time of its manufacture, design, development, production, assembly, building, testing, inspection, installation, equipping, endorsement, exportation, importation, wholesaling, retailing, selling, renting, leasing, modification, repair and entrustment, and that it failed to meet the reasonable expectations of safety of the class of persons of which Plaintiffs and Decedent Kevin Lee Nance was a member, and that any benefits derived from the design of said vehicle were substantially outweighed by the risk of harm inherent in said design, in that, and not by way of limitation, despite the availability to Defendants of safer alternative designs, said vehicle presented a substantial and unreasonable risk of death or injury to the users of said vehicle or those in the vicinity of its use.

20.     Specifically, Plaintiffs are informed and believe and thereon allege that said vehicle was defective in its design, construction, assembly and manufacture and dangerous to the life and limb of the users and occupants thereof, in that, among other things and not by way of limitation, said vehicle was unreasonably unstable, unreasonably prone to rollovers, unreasonably prone to sudden acceleration, designed with an elevated center of gravity, designed with inadequate roof and roof support strength and structure, designed with inadequate head room clearance, designed with inadequate safety restraint systems, designed with defective door latch mechanisms, and designed with an inadequate and defective rollover protection system. The afore-mentioned defects created a substantial danger which was unknown to Plaintiffs and Decedent Kevin Lee Nance and unknown to the public in general, and would not be recognized by the ordinary user, and said Defendants failed to give adequate warning of such danger.

21.     The defects in the design, manufacture, configuration and assembly of the subject vehicle was a substantial factor in causing the subject vehicle to go out of control and in causing the vehicle to roll over as alleged and described herein.

22.     As a direct result of the defective nature and condition of said vehicle at the time of its manufacture and distribution, and at the time of the accident described and alleged herein, Decedent Kevin Lee Nance was killed.

23.     Prior to the sale and distribution of subject vehicle, Defendants knew that the subject vehicle was in a defective condition, as previously alleged and described herein; said Defendants, through their officers, directors and managing agents, had prior notice and knowledge from several sources, including but not limited to test results and a multiplicity of tests which were run prior to the date of said accident, internal memoranda and correspondence and industry publications, as well as notice of thousands of serious injuries caused by the design of the subject vehicle, that the subject vehicle was defective and presented a substantial and unreasonable risk of harm to the American motoring public, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance, in that said defects unreasonably subjected occupants and drivers to injury or death as a result of foreseeable motor vehicle accidents.

24.     Despite such knowledge, Defendants, acting through their officers, directors and managing agents, for the purpose of enhancing their profits, knowingly and deliberately failed to remedy the known defects in subject vehicle and failed to warn the public, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance, of the extreme risk of injury or death occasioned by said defects.  Said Defendants and individuals intentionally proceeded with the design, the manufacture, sale, distribution and marketing of the subject vehicle, knowing

persons, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance, would be exposed to serious potential danger, in order to advance their own pecuniary interest.

25. Defendants' conduct, as set forth in this Complaint (both above and below), was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people. Further, the said conduct was carried on by Defendants for the purpose of serving their own interests even though Defendants had reason to know, and did know, of the substantial risk that their conduct might significantly injure others, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance. Still further, Defendants willfully and consciously disregarded the safety of Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance; the conduct of Defendants evidences an evil mind; Plaintiffs are entitled to an award of punitive/exemplary damages.

26. Defendants deliberately and consciously concealed the dangerous defects in the subject vehicle as herein alleged. Defendants' concealment included, but was not limited to, the following:

a. Defendants refused to advise consumers of the defects in the subject vehicle, including the instability of the vehicle and its lack of occupant protection in the event of an accident.

b. When lawsuits were brought against them, Defendants required that documents only be produced under protective orders, prohibiting anyone from disclosing the facts and evidence that existed, showing the defects in the subject vehicle.

c. Defendants settled lawsuits under confidentiality orders and thereby prevented members of the general public including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance, from learning of the dangerous nature and condition of the said vehicle.

27. Under the doctrine of strict liability, and due to the acts and omissions alleged and described herein, Defendants are strictly liable and responsible to Plaintiffs for the full extent of their losses and damages sustained and suffered (and which Plaintiffs continue to sustain and suffer) as a result of the wrongful death of Kevin Lee Nance in the subject accident.

28. As a direct and proximate result of the conduct of Defendants as alleged and described in Count I of this Complaint, Plaintiffs, as the surviving loved ones of decedent Kevin Lee Nance, suffered damages and are entitled to receive the full amount of money that will reasonably and fairly compensate each of them for their losses and damages associated with the death of their loved one, decedent Kevin Lee Nance, including, but not limited to, the following:

1. The loss of love, affection, companionship, care, protection and guidance since the time of the death of Kevin Lee Nance and for these losses into the future;

2. As to Plaintiff Patricia Nance, the loss of the marital relationship with of Kevin Lee Nance since the time of the death of Kevin Lee Nance and for this loss into the future;

3. Pain, grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future;

4. For the loss of income and services that have already been incurred as a result of the death of Kevin Lee Nance and that are reasonable probable to be lost in the future;

5. For the reasonable expenses of funeral and burial;

6. For the reasonable expenses of necessary medical care and services for the injury to Kevin Lee Nance that resulted in his death; and

7.     For all other general and special losses and damages suffered by Plaintiffs as a direct and proximate result of the death of decedent Kevin Lee Nance in an amount to be proven at the time of trial and determined by a jury.

**WHEREFORE**, as to Count One, Plaintiffs pray judgment against Defendants as follows:

1.     General damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

2.     Special damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

3.     Medical expenses, according to proof;

4.     Punitive/exemplary damages;

5.     Prejudgment interest according to proof;

6.     Costs of suit; and,

7.     Such other and further relief as the Court and jury deem just and proper.

**COUNT TWO**

**NEGLIGENCE**

29.     Plaintiffs hereby incorporate by reference paragraphs 1 through 28 as though fully set forth herein.

30.     At all times herein mentioned, Defendants, and each of them, owed a duty or duties to Plaintiffs and to Plaintiffs' Decedent Kevin Lee Nance to exercise reasonable care in the manufacture, design, development, assembly, production, testing, inspection, installation,

warning, equipping, endorsing, exporting and importing, marketing, wholesale, retail, selling, leasing, renting, modification, repair and/or entrustment of the subject vehicle; and owed a duty or duties to Plaintiffs and to Plaintiffs' Decedent Kevin Lee Nance not to act unreasonably in the manufacture, development, design, processing, producing, building, assembling, testing, inspecting, installing, warning, equipping, endorsing, exporting, importing, wholesaling, retailing, selling, leasing, renting, modifying, repairing or entrusting the subject vehicle.

31. Said Defendants, and each of them, breached the duty or duties owed by Defendants to Plaintiffs and to Plaintiffs Decedent Kevin Lee Nance through their conduct as herein described, including, but not by way of limitation, their failure to exercise reasonable care in the manufacture, design, development, assembly, production, testing, inspection, installation warning, equipping, endorsing, exporting, importing, marketing, wholesale, retail, selling, leasing, renting, modification, repair and/or entrustment of the subject vehicle; further, Defendants acted unreasonably in designing, manufacturing and marketing products which presented a substantial and unreasonable risk of injury or death to vehicle occupants, including Plaintiffs and Plaintiffs' Decedent Kevin Lee Nance.

32. As a direct and proximate result of one or more of the negligent acts or negligent omissions of Defendants and the said breach or breaches of the duty or duties as described herein, Plaintiffs' Decedent was killed and Plaintiffs suffered damages.

33. As a direct and proximate result of the conduct of Defendants as alleged and described in Count II of this Complaint, Plaintiffs, as the surviving loved ones of decedent Kevin Lee Nance, suffered damages and are entitled to receive the full amount of money that will reasonably and fairly compensate each of them for their losses and damages associated

with the death of their loved one, decedent Kevin Lee Nance, including, but not limited to, the following:

1.     The loss of love, affection, companionship, care, protection and guidance since the time of the death of Kevin Lee Nance and for these losses into the future;

2.     As to Plaintiff Patricia Nance, the loss of the marital relationship with of Kevin Lee Nance since the time of the death of Kevin Lee Nance and for this loss into the future;

3.     Pain, grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future;

4.     For the loss of income and services that have already been incurred as a result of the death of Kevin Lee Nance and that are reasonable probable to be lost in the future;

5.     For the reasonable expenses of funeral and burial;

6.     For the reasonable expenses of necessary medical care and services for the injury to Kevin Lee Nance that resulted in his death; and

7.     For all other general and special losses and damages suffered by Plaintiffs as a direct and proximate result of the death of decedent Kevin Lee Nance in an amount to be proven at the time of trial and determined by a jury.

**WHEREFORE**, as to Count Two, Plaintiffs pray judgment against Defendants as follows:

1.   General damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

2.   Special damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

3. Medical expenses, according to proof;

4. Punitive/exemplary damages;

5. Prejudgment interest according to proof;

6. Costs of suit; and,

7. Such other and further relief as the Court and jury deem just and proper.

## COUNT THREE

## BREACH OF WARRANTY

34      Plaintiffs hereby incorporate by reference paragraphs 1 through 33 as though fully set forth herein.

35.      At all times herein mentioned, Defendants designed, developed, processed, repaired, inspected, represented, tested, distributed, sold, consigned, delivered, maintained and/or operated for purpose of sale and distribution, the subject vehicle for use by the general public.

36      Plaintiffs are informed and believe and based upon such information and belief allege that, at the time and place of said sale, delivery, distribution, repair, consignment, maintenance, or operation of the subject vehicle, Defendants expressly and impliedly warranted to each buyer and user and to all persons reasonably expected to be in the immediate vicinity of the subject vehicle during use in any manner, that the subject vehicle was reasonably fit and safe for its intended purpose, and that the subject vehicle was of merchantable quality throughout.

37.      At the time and place of said sale, delivery, distribution or supply, the subject vehicle was not reasonably fit and safe for its intended use by buyers, users or persons reasonably anticipated to be in the vicinity of the use of the subject vehicle, including

Plaintiffs' Decedent Kevin Lee Nance and was therefore not of merchantable quality and constituted extreme danger and hazard to persons using or in the vicinity of the subject vehicle.

38.     As a direct and proximate result of said breaches of warranty, both express and implied, Plaintiffs' Decedent Kevin Lee Nance was killed and Plaintiffs suffered damages and losses, both special and general, as herein alleged.

39.     As a direct and proximate result of the conduct of Defendants as alleged and described in Count III of this Complaint, Plaintiffs, as the surviving loved ones of decedent Kevin Lee Nance, suffered damages and are entitled to receive the full amount of money that will reasonably and fairly compensate each of them for their losses and damages associated with the death of their loved one, decedent Kevin Lee Nance, including, but not limited to, the following:

1.     The loss of love, affection, companionship, care, protection and guidance since the time of the death of Kevin Lee Nance and for these losses into the future;

2.     As to Plaintiff Patricia Nance, the loss of the marital relationship with of Kevin Lee Nance since the time of the death of Kevin Lee Nance and for this loss into the future;

3.     Pain, grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future;

4.     For the loss of income and services that have already been incurred as a result of the death of Kevin Lee Nance and that are reasonable probable to be lost in the future;

5.     For the reasonable expenses of funeral and burial;

6.     For the reasonable expenses of necessary medical care and services for the injury to Kevin Lee Nance that resulted in his death; and

7.  For all other general and special losses and damages suffered by Plaintiffs as a direct and proximate result of the death of decedent Kevin Lee Nance in an amount to be proven at the time of trial and determined by a jury.

**WHEREFORE**, as to Count Three, Plaintiffs pray judgment against Defendants as follows:

1.  General damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

2.  Special damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;

3.  Medical expenses, according to proof;

4.  Punitive/exemplary damages;

5.  Prejudgment interest according to proof;

6.  Costs of suit; and,

7.  Such other and further relief as the Court and jury deem just and proper.

DATED this 11th day of September, 2012.

THE McKAY JOHNSON FIRM, PLC

Bryn R. Johnson
1019 S. Stapley Drive
Mesa, Arizona 85204
*Attorney for Plaintiffs*

Bryn R. Johnson, Bar No. 007421
**THE McKAY JOHNSON FIRM, PLC**
1019 S. Stapley Drive
Mesa, Arizona 85204
Telephone: (480) 833-1667
Facsimile: (480) 833-2175
Bryn@AccidentLawAZ.com

*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| PATRICIA NANCE, as an individual and as the surviving spouse of decedent KEVIN LEE NANCE, and for and on behalf of all statutorily authorized wrongful death claimants including KARLTON NANCE and KALEI NANCE, surviving children of decedent Kevin Lee Nance and KATIE LEE NANCE, surviving parent of decedent Kevin Lee Nance,<br><br>                       Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES, USA, INC., a foreign corporation; TOYOTA MOTOR CORPORATION; TAKATA CORPORATION, INC.; TAKATA, INC.; TK HOLDINGS; TK HOLDINGS, INC. TAKATA RESTRAINT SYSTEMS, INC.; TAKATA SEATBELTS, INC.; TOKAI RIKA CO., LTD.; SOUTH COAST TOYOTA; JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; XYZ COMPANIES 1-10, inclusive,<br><br>                       Defendants | No. CV2012-00609<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION**<br><br><br>**(Civil, Product Liability, Negligence, Breach of Warranty)** |

     The undersigned, for and in behalf of Plaintiffs, certifies that he knows the dollar limits and any other limitations set forth by the Local Rules of Practice for the Coconino County Superior Court and further certifies that this case **is not subject** to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

DATED this 11th day of September, 2012.

**THE McKAY JOHNSON FIRM, PLC**

Bryn R. Johnson
1019 S. Stapley Drive
Mesa, Arizona 85204
*Attorney for Plaintiffs*